# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF DELAWARE

| | |
|---|---|
| ANGELA WILLIAMS, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) **Case No.:** |
| | ) |
| GC SERVICES L.P., | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| Defendant | ) |
| | ) **(Unlawful Debt Collection Practices)** |

## COMPLAINT

ANGELA WILLIAMS ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against GC SERVICES L.P. ("Defendant"):

## INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.     Defendant conducts business in the State of Delaware and therefore, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5.      Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6.      Plaintiff is a natural person residing in New Castle, Delaware, 19720.

7.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.      Defendant is a national debt collection company with corporate headquarters located at 6330 Gulfton Drive, Houston, Texas 77081.

9.      Based on information and belief, Defendant is authorized and conducts business in the State of Delaware.

10.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

11.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11.     The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 et seq.  The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights.  15 U.S.C. § 1692k.  The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and

- 2 -

misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12.     In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action.   The substantive heart of the FDCPA lies in three broad prohibitions.  First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. § 1692d.  Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13.     In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. § 1692a.  Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers.  15 U.S.C. § 1692b.

14.     Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors.  The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt

PLAINTIFF'S COMPLAINT

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

15.    At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

16.    The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17.    Beginning on or around April of 2010 through August 2010 Defendant and its representatives engaged in debt collection activities seeking payment from Plaintiff.

18.    Defendant and its representatives identified as "Kim Chapman," "Sonyette," and "Ms. Smith" harassed Plaintiff in an attempt to collect the alleged debt.

19.    Defendant and its representatives harassed Plaintiff by making continuous calls to her cellular phone number.

20.    Plaintiff received phone calls and voice messages from Defendant from the following phone numbers (800) 846-1850 and (866) 607-2066. The undersigned has confirmed that the number belongs to Defendant.

21.    Each time they called Plaintiff, Defendant's representatives misrepresented to Plaintiff that they where calling from "Chase."

22.    "Kim Chapman," misrepresented that she was calling from Chase Mortgage and requested that Plaintiff make payment arrangements for an outstanding loan.

23.    When Plaintiff informed "Kim Chapman" that she could not make payment arrangements, "Kim Chapman" threatened to foreclose on Plaintiff's home, garnish Plaintiff's

bank accounts or place a levy on Plaintiff's personal property if payment was not made.

24.    Plaintiff told "Kim Chapman" that she [Plaintiff] knew "Kim Chapman" was not calling from "Chase," but in fact was calling on behalf of Defendant.

25.    "Kim Chapman" admitted that she was calling on behalf of Defendant, but still wanted Plaintiff to set up a payment arrangement plan.

26.    Plaintiff again explained that a payment plan was not feasible since she had no funds. Upon hearing this, "Kim Chapman" threatened that Defendant would foreclose on Plaintiff's house.

27.    Plaintiff verbally requested that Defendant and its representatives cease contacting her cellular telephone and provided her home telephone number and e-mail address as a source of contact.

28.    Additionally, Plaintiff faxed Defendant a written request, restating that Defendant was to cease and desist from contacting Plaintiff's cellular telephone.

29.    Several weeks later "Kim Chapman" once again contacted Plaintiff on her cellular telephone.

30.    Plaintiff again reminded "Kim Chapman" not to contact her on her cellular telephone and requested that Defendant provide verification of the alleged debt.

31.    In or around July of 2010, Defendant again contacted Plaintiff on her cellular telephone.

32.    On August 10, 2010, Defendant's representative "Sonyette" called Plaintiff and informed Plaintiff that she was calling on behalf of "Chase."

33.    Plaintiff asked "Sonyette" three (3) times if she worked for "Chase" and each time "Sonyette" replied "yes."

34.    "Sonyette" proceeded to tell Plaintiff that the reason for the telephone call was to establish a payment plan with Plaintiff for a past due account with "Chase" in the amount of $51,841.10.

35.    Plaintiff believed and informed "Sonyette" that a $0 balance appeared on Plaintiff's credit report.

36.    Plaintiff then asked "Sonyette" if she was actually calling from a collection agency, to which "Sonyette" admitted that she was calling on behalf of Defendant.

37.    Plaintiff informed "Sonyette" that it was a violation of the FDCPA to use a name other than the true name of the debt collector; "Sonyette" immediately placed Plaintiff on hold.

38.    Defendant's representative "Ms. Smith" then continued the call with Plaintiff.

39.    "Ms. Smith" advised Plaintiff that the current telephone call was being monitored.

40.    Plaintiff told "Ms. Smith" that she was tired of Defendant's constant misleading telephone calls.

41.    "Ms. Smith" told Plaintiff that she needed to set up payment arrangements for the alleged debt.

42.    When Plaintiff informed "Ms. Smith" that she was not in the position to set up payment arrangements "Ms. Smith" told Plaintiff that she was currently looking at Plaintiff's credit report and could tell that Plaintiff was paying off credit cards.

43.    "Ms. Smith" then asked Plaintiff about her sources of income, questioning specifically how she pays her utilities and credit card debt.

44.    Plaintiff again advised "Ms. Smith" that she did not have the ability to set-up any payment plan and advised "Ms. Smith" about the cease and desist letter that Plaintiff had faxed to Defendant.

PLAINTIFF'S COMPLAINT

45.     "Ms. Smith" informed Plaintiff that according to Defendant's records no cease and desist letter from Plaintiff was ever received.

46.     Plaintiff asked "Ms. Smith" to provide Defendant's address and fax number in order to resend the cease and desist letter.

47.     However, "Ms. Smith" informed Plaintiff that the telephone calls from Defendant were going to continue until Plaintiff set-up a payment plan with Defendant.

48.     Since the initial communication with Defendant back in April of 2010, Plaintiff has still not received a letter notifying her of her rights and privileges under the law, specifically the right to dispute and/or request verification of the alleged debt.

49.     To date, despite threats to the contrary, Defendant has not filed a lawsuit or taken other legal action against Plaintiff; thereby indicating it did not intend to take the action previously threatened.

50.     Upon information and belief, Defendant sought to collect a debt from Plaintiff despite the fact that it had no knowledge of its validity.

51.     Defendant's actions in attempting to collect the alleged debt were harassing, abusive and highly deceptive.


## CONSTRUCTION OF APPLICABLE LAW

52.     The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997).  "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages."  Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233

F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); <u>Clomon v. Jackson</u>, 988 F. 2d 1314 (2d Cir. 1993).

53.     The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor.  <u>Sprinkle v. SB&C Ltd.</u>, 472 F. Supp. 2d 1235 (W.D. Wash. 2006).  The remedial nature of the FDCPA requires that courts interpret it liberally.  <u>Clark v. Capital Credit & Collection Services, Inc.</u>, 460 F. 3d 1162 (9th Cir. 2006).  "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer."  <u>Johnson v. Riddle</u>, 305 F. 3d 1107 (10th Cir. 2002).

54.     The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard.  <u>See Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168 (11th Cir. 1985); <u>Graziano v. Harrison</u>, 950 F. 2d 107 (3rd Cir. 1991); <u>Swanson v. Southern Oregon Credit Service, Inc.</u>, 869 F.2d 1222 (9th Cir. 1988).  The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced."  <u>Id.</u>  The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices.  <u>Clomon</u>, 988 F. 2d at 1318.

**COUNT I**
**DEFENDANT VIOLATED**
**THE FAIR DEBT COLLECTION PRACTICES ACT**

55.   Plaintiff incorporates herein paragraphs 1 through 54.

56.   In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

 a.   Defendant violated of the FDCPA generally;

 b.   Defendant violated § 1692c(c) of the FDCPA by failing to cease communications with Plaintiff upon written request;

 c.   Defendant violated § 1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

 d.   Defendant violated § 1692d(5) of the FDCPA, when it caused the Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiff;

 e.   Defendant violated § 1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

 f.   Defendant violated § 1692e(2) of the FDCPA by falsely representing the character, amount, or legal status of any debt;

 g.   Defendant violated § 1692e(4) of the FDCPA by representing or implying that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action;

 h.   Defendant violated § 1692e(5) of the FDCPA by threatening to take action

PLAINTIFF'S COMPLAINT

that cannot legally be taken or that is not intended to be taken;

i.  Defendant violated § 1692e(10) of the FDCPA by using false representations or deceptive means to collect or attempt to collect a debt;

j.  Defendant violated § 1692e(11) of the FDCPA by failing to disclose in the initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and failing to disclose in subsequent communications that the communication is from a debt collector;

k.  Defendant violated § 1692e(14) of the FDCPA by using the name of any business, company, or organization other then the true name of the debt collector's business, company, or organization;

l.  Defendant violated § 1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt;

m.  Defendant violated § 1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt;

n.  Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

WHEREFORE, Plaintiff, ANGELA WILLIAMS, respectfully pray for a judgment as follows:

a.  All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

- 10 -

b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d.  Any other relief deemed appropriate by this Honorable Court.

### **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ANGELA WILLIAMS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 05/09/11                    KIMMEL & SILVERMAN, P.C.

By: /s/ W. Christopher Componovo_____
W. Christopher Componovo
Attorney ID # 3234
Kimmel & Silverman, PC
Silverside Carr Executive Center
Suite 118, 501 Silverside Road
Wilmington, DE 19809
(302) 791-9373 phone
(302) 791-9476 fax

PLAINTIFF'S COMPLAINT